ACCEPTED
01-14-00215-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/26/2015 4:03:13 PM
CHRISTOPHER PRINI
CLERK

NO. 01–14–00215–CV

IN THE
COURT OF APPEALS
FOR THE FIRST DISTRICT
OF THE STATE OF TEXAS
AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
1/26/2015 4:03:13 PM
CHRISTOPHER A. PRINE
Clerk

LETHA PILLAI
Appellant,

vs.

JESUS VEGA AND DALIA VEGA
Appellees,

On Appeal from the 234th Civil District Court
of Harris County, Texas–cause #2011–68692

REQUEST BY APPELLANT TO KEEP CASE PENDING
AT THIS TIME AS DISMISSAL COULD RESULT IN
APPELLEES ATTEMPTING TO COLLECT FULL JUDGMENT
INSTEAD OF THE MEDIATION SETTLEMENT AMOUNT

I. NEW ELEMENT IN THIS APPEAL

A.    G. K. Pillai, is the father of **Appellant** (*and the real party in interest, including the person whose funds are referred to as Appellant's funds, but are actually the funds of said G. K. Pillai*).

B.    G. K. Pillai was shot in the stomach, a few days ago, while he was in his C.P.A. office in Denver Harbor, by it is

understood a man about 18 to 20 years old, apparently on and seeking money for drugs. It is understood that the perpetrator of the crime stole something like $20.00 and then shot **G. K. Pillai** and fled. **G. K. Pillai** was in the hospital as the bullet it is understood went through his pancreas. He is out now, but has not been able to get in to talk with **Appellant's** attorney, except briefly on the phone, while he was in the hospital to just give the fact he had been shot and bare details stated above.

C. Therefore, it is requested that the **First Court of Appeals** NOT DISMISS THIS CASE ON MONDAY, JANUARY 26, 2015 AS NOW SCHEDULED. There is more to this motion, set out below, but this fact it is believed, needed to be stated first, to show that dismissal with more detail just is not possible at this time.

**BRIEF BACKGROUND** II.

A. This case was settled at Mediation on June 11, 2014. After some discussions between counsel on both sides, **Appellee's** attorney, on July 7, 2014, had spent considerable time preparing five documents needed to follow through with the completion of this case. These documents prepared by Appellant's attorney and finally agreed to by **Appellees'** attorney on or about July 28, 2014. Those documents which **Appellees** were to sign, and their attorney receive a $24,000.00 settlement cashier's check to conclude the Mediation Settlement Agreement, by exchanging the said check for the signed, notarized documents to be given to **Appellant's** attorney. The Document were absolutely necessary to conclude this matter, as they were:

2

1. **Notice of Settlement at Mediation**. Which was to be jointly signed and sent to the 1st Court of Appeals within one or two days.

2. **Settlement Agreement** (*this is the short title. This document is to file with the First Court of Appeals-Houston*). This was basically the full version of the mediation settlement memorandum signed at Mediation. It is understood that Appellees' attorney agrees on this document and it is not one that was in issue for changes. Appellant's attorney has been told it is okay.

3. **Quit Claim Deed**. This document has been redone several times and it is understood that the last version is now okay with **Appellees'** attorney and **Appellees** have signed or are signing this last version.

4. **Release of Judgment Lien**. This document has been redone several times and it is understood that the last version is now okay with **Appellees'** attorney and **Appellees** have signed or are signing this last version.

5. **Joint Agreed Post-Judgment Motion To Release Supersedeas Bond Funds In Registry Of The Court**.

6. **Joint Agreed Order To Release Supersedeas Bond Funds In Registry Of The Court**.

B. **Appellees** apparently had some conflict in their relationship. Upon **Appellant's** attorney challenge made at Mediation, that all necessary parties were not present, **Appellees**

3

attorney announced at Mediation, that **Jesus Vega** had the authority of his wife to settle the case. **Appellant** secured a cashier's check for $24,000.00 *(which is still in **Appellant's** attorney's safe awaiting delivery of the signed, notarized documents)* and has been there awaiting completion for months now. Apparently the representation made by **Appellees'** attorney that once the documents were delivered to him for his clients to sign, and the check ready to be delivered, he would have the **Appellees** sign the documents and the documents and check could then be exchanged.

C. Instead, **Appellant** has had to file with this Court a Motion to Compel; then an updated Motion to Compel and for Sanctions; and then as Request for an Emergency Hearing.

D. **Appellees'** attorney has ceased responding to anything which **Appellant's** attorney sends to him and those documents filed. Now this Court has given notice that the thing which needs to be done, if for **Appellant** to file a 'Breach of Contract' action to enforce the mediation Agreement. The Court also stated it would be dismissing this appeal.

## PROBLEM WITH DISMISSAL          III.

A. The problem that **Appellant's** attorney sees in a dismissal are these:

    1. **Appellant** is still out the Supersedeas Bond amount of $32,594.97 plus accrued interest, which is to be paid to **Appellant**;

    2. **Appellant** also has put out $24,000.00, the settlement amount, which is being held by **Appellees'**

4

attorney in his safe, to deliver in return for the signed documents;

3. **Appellant** has had to expend thousands of dollars already, in attorney's fees and expenses in trying to enforce the Mediation Settlement Agreement, and there is not even any response now from **Appellees'** attorney.

4. If this appeal is dismissed, then this is what could happen:

a. **Appellees'** attorney, using the dismissal of this appeal by the First Court of Appeals, could attempt then to obtain the $32,594.97 plus accrued interest, supersedeas bond, showing that the Appeal is not longer pending and hence they are entitled to the amount of the original judgment; and/or

b. Even if **Appellant** files the suit as suggested by this Court is the proper procedure, before service could be obtained upon the **Appellees** and their attorney and law firm, to obtain a possible injunction against such action, **a.** just above could occur. Once those funds were given to the **Appellees**, any action for breach of contract, could be a hollow judgment, as the funds would already have been spent, given away or gone; and/or

c. It may be that **Appellant** cannot even get cooperation from **Appellees'** attorney to provide the

5

service address of each of the **Appellees**, and it might take months and a large expense to try to locate and get them served, and then a lot of expense to get to a judgment for **Appellant**, which may be just the same thing as an order to comply with the Mediation Settlement.

**MINIMUM RELIEF SOUGHT**        **IV.**

A. **Appellant** therefore requests that this Court not dismiss this case on **January 26, 2015** as the present Order states will be done, unless this motion is filed to be considered by this Court; and

B. This appeal be kept on the docket of this Court, until **Appellant** can file a suit in Harris County District Court, gain service upon the **Appellees**, and an injunction from that District Court upon the **Appellees** and the **Harris County District Clerk** not to disburse the funds in the Registry of this Court, without an Agreement signed by **Appellees** or an Order of the District Court Judge in the new case; and

C. If this Court could determine it has a legal basis to act upon the motions for sanctions previously filed in this Court (*it is believed neither motion nor the request for an emergency hearing is contested*), and order reasonable attorney's fees and expenses, as requested, as an incentive to the **Appellees** to try to resolve this matter without the expense of another entire law suit; and/or, in the alternative,

6

**D.** Because of such breach by **Appellees** and their attorney, because of the fact that the **Appellees'** jointly requested that they be able to go to mediation to settle this case; signed the Mediation Settlement Agreement, thereby agreeing to the settlement; but then ignored the settlement alternative provided by this Court, settled the case, but then would not honor the settlement made under the auspices of this Court; and hence their Answer to Appeal should be dismissed and this Court reverse and render in favor of the **Appellant**, by the default of the **Appellees** in this Court.

**E.** It should be noted by **Appellant** and **Appellant's** attorney, that a sizeable amount of the Mediation Settlement Agreement amount, is offset by the considerable amount of time and work and expense by **Appellant's** attorney, in attempting to gain completion of the mediation settlement agreement, attempt to enforce it through motions and a request for emergency hearing in this Court, and in trying to prevent this Appeal from being dismissed, and possibly allowing **Appellees** to grab the original judgment amount in the Registry of the trial court, by the dismissal of the Appeal in this Court.

**F.** It is believed that this Court has the ability to enforce actions it has taken and have been ignored by one party and therefore can be sanctioned by the First Court of Appeals.

**WHEREFORE, PREMISES CONSIDERED, Appellant** *(and her father, the real party in interest and person who has paid the over $56,000.00 now being held by the Registry of the Harris County*

7

*District Clerk* and **Appellant's** attorney, in the form of the Supersedeas Bond and interest AND the cashier's check in **Appellant's** attorney's safe) requests that this Appeal be kept on the active docket of this Court, until notice is given that a suit to enforce has been filed; the **Appellees** and their attorney (*and/or law firm*) served with citation; an injunction granted by the Judge of the Court in the new case upon **Appellees** and upon the Harris County District Clerk from distributing the funds in the Registry without proper agreement of the parties and attorneys or order of the Judge in the new case; and therefore, the ability the **Appellees** and/or their attorney or law firm, from being able to obtain the funds in the Harris County District Clerk's Registry, being secured pending such agreement or Court Order; and for such other and further relief, at law or in equity, to which **Appellant** is justly entitled.

Respectfully submitted,

**T. W. PROCTOR & ASSOCIATES**

T. W. Proctor, J.D.---Attorney for
**Appellant**
**Glendale    Mediation    Center**
630 Uvalde  Houston, TX 77015-3766
(713)    453-8338    **TBA #16350000**
**FAX (713) 453-3232**
email: auraman@swbell.net

8

# CERTIFICATE OF SERVICE

On January 23, 2015, I, **T. W. Proctor**, J.D., attorney for **Appellant**, hereby certify that I have delivered a true and correct copy of the above instrument(s) to each attorney of record or pro se party herein, at the address(es) shown below: by filing same through ProDoc with a copy designated to be sent to such attorney or party; or by placing same in a U.S. post-paid certified mail wrapper, addressed as shown below, and deposited with the **U. S. Postal Service**; or by sending by **FAX**:

**DANIEL F. CASTANEDA, J.D.,** Buckley, White, Castaneda & Howell, L.L.P., 2401 Fountainview, Suite 1000, Houston, Texas 77057 ☎ 713 789-7700 FAX 713 789-7703 TBA #03980540 Email: dcastaneda@bwchlaw.com *(attorney for Jesus and Dalia Vega)*

_____
**T. W. Proctor**, J.D.--Attorney for **Appellant**